371

Roxanne DAVIS, Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

Docket No. 04-5782.

United States Court of Appeals,
Second Circuit.

July 25, 2005.

Roxanne Davis, Bronx, NY, for Appellant, pro se.

Orelia E. Merchant, Assistant United States Attorney, (Steven Kim, Assistant United States Attorney, Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, on the brief), Brooklyn, NY, for Appellee.

PRESENT: POOLER, SACK, Circuit Judges, and GARAUFIS, District Judge.*

**SUMMARY ORDER**

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Roxanne Davis appeals from an October 4, 2004, judgment of the United States District Court for the Eastern District of New York (Gleeson, *J.*), which granted the government's summary judgment motion to dismiss appellant's claim for relief under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. § 1346(b). We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

* The Honorable Nicholas G. Garaufis, United States District Court for the Eastern District of New York, sitting by designation.

Appellant's wrongful death claim alleged that the staff of the Metropolitan Detention Center ("MDC") in Brooklyn, NY, committed medical malpractice by failing to exercise reasonable care in rendering treatment to her son, Rahkim Carter. Specifically, Davis claimed that her son died on March 17, 1999, while incarcerated at MDC, because prison staff neglected to properly treat his respiratory illness. The district court granted summary judgment in favor of the government.

FTCA permits individuals to file, *inter alia*, wrongful death tort claims against the United States based on the acts of a government employee who is acting within the scope of his or her employment. 28 U.S.C. § 1346(b)(1). This is only permitted "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the [tortious] act or omission occurred." *Id.*

According to New York law, in order to establish a medical malpractice claim, Davis must demonstrate that: (1) the MDC medical staff departed from accepted standards of medical practice and (2) the departure was the proximate cause of Carter's death. *See Arkin v. Gittleson*, 32 F.3d 658, 664 (2d Cir.1994). New York law also requires that, unless the matter is within the knowledge and experience of an ordinary juror, a plaintiff alleging medical malpractice must provide "expert medical opinion evidence" with respect to each of these two prongs. *See Milano v. Freed*, 64 F.3d 91, 95 (2d Cir.1995) (quoting *Fiore v. Galang*, 64 N.Y.2d 999, 1001, 489 N.Y.S.2d 47, 478 N.E.2d 188 (1985)).

We have reviewed the record and conclude that Davis was required to submit expert opinion evidence in this case, *see id.*, because an ordinary juror would not have sufficient knowledge to determine whether Carter's death was proximately caused by a deviation from accepted standards of medical practice. Davis, however, failed to present any expert testimony or medical evidence to support her FTCA wrongful death claim. The government's medical expert, on the other hand, reviewed Carter's medical records and determined that MDC's treatment was not negligent.

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment in favor of the government.